IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

SEIDU IDDRISSU and ROBIN SANDERS,

Plaintiffs,

v.

KEVIN MCALEENAN, et al.,

Defendants.

Case No. 1:19-cv-04391

Judge Charles R. Norgle

## ORDER

Defendants' motion to dismiss for failure to state a claim [28] is granted. Civil case terminated.

## MEMORANDUM OPINION

Seidu Iddrissu and Robin Sanders ("Plaintiffs"), who are husband and wife, bring this action seeking declaratory judgment pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b). They assert that the denial of Sanders' I-130 visa petition filed on behalf of her husband[1] by U.S. Citizenship and Immigration Services ("USCIS") was an arbitrary and capricious finding that should be reversed. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the denial of the visa is supported by evidence in the record. Because the Plaintiffs do not plausibly claim that the decision by USCIS was arbitrary and capricious, the motion is granted.

---

[1] United States citizens and legal permanent residents may apply for an immigrant visa for their non-citizen spouses. 8 U.S.C. § 1151; 8 U.S.C. § 1255. Visa I-130, also called a Petition for Alien Relative, "is the first step in helping an eligible relative apply to immigrate to the United States and get [sic] Green Card." U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *I-130, Petition for Alien Relative*, (June 16, 2021) *available at* https://www.uscis.gov/i-130. Despite that its approval does not give the relative any immigration status or benefit, approval generally allows the relative to apply to become a Lawful Permanent Resident. Id.

1

## I. MOTION TO DISMISS STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). This statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citations and quotation marks omitted). In reviewing a plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

## II. BACKGROUND

According to Plaintiffs' complaint, Iddrissu, a native and citizen of Ghana, is now married to Sanders, a U.S. citizen. He was previously married to a woman named Sivels, who is not a party in this case, but who had previously filed an I-130 Petition for Alien Relative on Iddrissu's behalf in September 2005. Sivels ultimately withdrew that petition on October 31, 2006, and it was officially denied in February 2007. The couple officially divorced in April 2013. Iddrissu and Sanders later married in September 2013, and have resided together since then.

Approximately one month after marrying Iddrissu, Sanders filed her own I-130 Petition for Alien Relative on his behalf. USCIS interviewed Plaintiffs, and Iddrissu claims to have testified

truthfully regarding his past and current marriage. On December 22, 2016, USCIS sent Plaintiffs a notice of intent to deny letter ("NOID"). The NOID stated that there was substantial and probative evidence to show that Iddrissu previously entered into a fraudulent marriage with Sivels to obtain an immigration benefit, precluding him from the approval of any other visa petition on his behalf. Dkt. 24-1 at 3; see Section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c) ("the marriage bar"). The evidence was Sivels' own admission, against her own interest, to USCIS that her marriage to Iddrissu was fraudulent; she "withdrew her petition [on behalf of Iddrissu] . . . after admitting their marriage was fraudulent and was for the purpose of evading immigration laws." Dkt. 24-1 at 3. She admitted this "freely [and] under oath[.]" Id.

Specifically, Sivels admitted that: (1) Sivels met Iddrissu through a friend; (2) Iddrissu told Sivels he needed a wife so he could stay in the United States; (3) Iddrissu offered to help Sivels financially with her children; (4) Sivels never resided with Iddrissu during the duration of their marriage; and (5) Sivels only called Iddrissu when she needed help or a favor. Dkt. 24-1 at 3. Finally, USCIS found that "evidence corroborates Ms. Sivels's admission of creating evidence in order to make the marriage appear bona-fide and not [sic] for the purpose of evading immigration law." Id. at 4. USCIS informed Iddrissu and Sanders of their opportunity to rebut the derogatory information and to submit within 30 days any additional evidence in support of the visa petition. Id. According to Plaintiffs, they only received the above summary of the evidence referenced in the NOID, rather than an actual copy of the alleged admissions made by Sivels. No further details regarding the evidence was provided.

On January 18, 2017, Iddrissu and his attorney responded to the NOID with a notarized statement from Sivels attesting to the bona-fide nature of her marriage to Iddrissu, contradicting the substance of the NOID. Sivels, Sanders, and Iddrissu were not subsequently interviewed regarding the allegations contained in the notice or Sivels' second statement.

3

Citing the marriage bar of Section 204(c), USCIS denied Sanders' petition on February 2, 2017 after finding that Iddrissu's first marriage was not bona-fide. Dkt. 24-2. In its decision, USCIS acknowledged that Plaintiffs:

> "responded to the NOID on January 18, 2017 with a statement from your attorney and Ms. Sivels [which] stated that the admission from Ms. Sivels was coerced and was forced by USCIS's overly aggressive tactics. This assertion . . . is not substantiated by the record, which shows that she freely and voluntarily provided her statement when withdrawing her petition and the statement was witnessed by two adjudicating officers as well as her attorney of record. . . . Other than the statement provided by your attorney and Ms. Sivels, there was no other evidence submitted to dissuade USCIS from its earlier findings that that [sic] your husband's previous marriage to Ms. Sivels was entered into for the sole purpose of circumventing U.S. immigration laws." Dkt. 24-2 at 3.[2]

Plaintiffs appealed the denial of the petition to the Board of Immigration Appeals ("Board"), but the Board dismissed the appeal on May 3, 2019. Reviewing the decision of the Department of Homeland Security officer de novo, the Board noted that in her notarized letter, Sivels "related that she and the beneficiary were married and lived together for 6 years; that the marriage was based on mutual love and affection and that they established a life together; that she accused the beneficiary of infidelity, that they argued often about small things, and that things that were important to her were not important to him; and that they both decided to call it quits and he filed for divorce." Dkt. 28-2 at 2.[3] The Board agreed with USCIS that Sivels' first statement

---

[2] Plaintiffs' complaint asserts that USCIS "[f]or the first time" in its decision described Sivels' admission as (1) free and voluntary, and (2) taken with witnesses present. Dkt. 24 at 7. However, the previously issued NOID (submitted by Plaintiffs with their complaint) states that Sivels "freely admitted under oath that her marriage to your husband [sic] for the purpose of your husband staying in the United States permanently[.]" Dkt. 24-1 at 2.

[3] Federal Rule of Civil Procedure 10 provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). This can include Rule 12(b)(6) motions. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.") (citing Wright v. Assoc. Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir.1994)).

4

constituted substantial and probative evidence of marriage fraud for purposes of Section 204(c). It said:

> "In the letter submitted in response to the NOID, the petitioner's counsel suggests that [Iddrissu's] former spouse was threatened by immigration officials [to give her first statement]. However, counsel's statements are not evidence. . . . In her statement offered in response to the NOID, [Sivels] does not describe any threats or coercion; in fact, she does not explain or even acknowledge the statement she made in withdrawing the visa petition." Dkt. 28-2 at 2.

The Board further noted that Sivels' response to the NOID contained no supporting documentary evidence, and found that a joint lease and joint bank account records previously submitted by Sivels in her visa petition did not rebut her withdrawal statement or satisfy Sanders' burden to establish that the previous marriage was bona-fide. After the Board dismissed the appeal, this suit followed.

### III. ANALYSIS

At the agency level, a finding that Section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c)—the marriage bar—applies to an alien must be based on evidence that is substantial and probative. Seghal v. Johnson, 105 F. Supp. 3d 860, 863 (N.D. Ill. 2015); Matter of Tawfik, 20 I&N Dec. 166 (BIA 1990). Once USCIS has met this initial requirement, the burden shifts back to the petitioner to rebut the Government's evidence and establish that the prior marriage was bona-fide and that Section 204(c) should not apply.

Pursuant to the Administrative Procedure Act ("APA"), a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," including a Petition for Alien Relative, which is a "final agency action for which there is no other adequate remedy." 5 U.S.C. § 702, 705; Seghal v. Johnson, 105 F. Supp. 3d 860, 863 (N.D. Ill. 2015). A court reviewing agency action

shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2). The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." Perez v. Mortg. Bankers Ass'n, 575 U.S. 92, 102 (2015) (quoting F.C.C. v. Fox Television Stations, Inc., 556 U.S. 502, 513 (2009)). An agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

However, judicial review of agency decisions is "narrow." F.C.C., 556 U.S. at 513; Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 378 (1989) ("This inquiry must be searching and careful, but the ultimate standard of review is a narrow one.") (internal quotations omitted). Courts apply an abuse of discretion standard, which is deferential. Ghaly v. I.N.S., 48 F.3d 1426, 1431 (7th Cir. 1995). Abuse of discretion may be found only if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Joseph v. Landon, 679 F.2d 113, 116 (7th Cir. 1982) (affirming revocation of visa petition). The Board of Immigration Appeals' decision "need not be compelling, or even convincing, to be sufficient." Ghaly, 48 F.3d at 1431 (citing Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1266 (7th Cir. 1985)). The role of a court in conducting APA review is to "insist that the agency examine the relevant data and articulate a satisfactory explanation for its action." F.C.C., 556 U.S. at 513. A court may not "substitute its judgment for that of the agency." Id. A court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. at 43. "Substantial evidence is evidence a reasonable mind would find adequate to support a conclusion." Ghaly, 48 F.3d at 1431.

Plaintiffs first argue that they proved Iddrissu's first marriage was bona-fide by a preponderance of the evidence. Dkt. 24 at 8. But the Court may not reweigh the evidence. Butera v. Apfel, 173 F.3d 1049, 1055 (7th Cir. 1999); Tracie E. v. Saul, No. 120CV00307SEBMPB, 2021 WL 1135834, at *1-2 (S.D. Ind. Mar. 25, 2021) (ordering final judgment be entered in favor of Commissioner of Social Security). Here, USCIS considered substantial evidence—a former spouse's own admission of fraud—when deciding that the former marriage was not bona-fide. The Board cited directly to this evidence in the record, finding that Plaintiffs had "not submitted sufficient evidence to show" the marriage was bona-fide. Dkt. 28-2 at 5. That adequately supports its decision. Fliger v. Nielsen, 743 F. App'x 684, 688 (7th Cir. 2018) (even a statement that does not explicitly confess to a sham marriage is sufficient to support an agency finding that a marriage was fraudulent); Ghaly, 48 F.3d at 1431.

Plaintiffs also argue that the agency decision was based upon conjecture or assumption. Dkt. 24 at 8. As USCIS and the Board articulated, though, there was good reason to find that Sivels' first statement was substantial and probative, even in light of her second statement. Fliger v. Nielsen, 743 F. App'x at 688 ("[I]t was reasonable for the agency to discount Fred's attempt to recant his sworn statement. Courts tend to be suspicious of attempts to retract sworn testimony after it produces some unfavorable result."). Here, Sivels' first statement was given voluntarily and freely, under oath. Sivels never claimed to have been coerced and did not address or explain why her first statement contradicted her second. The first statement, given under oath in front of her own counsel and two adjudicating officers, is substantial and probative even when considered next to Sivels' second statement—a notarized letter submitted by Iddrissu's counsel less than one month after Iddrissu received a notice of intent to deny. In addition, the Board found that Sivels' evidence submitted with her original petition, including a joint lease and joint bank account with Iddrissu, did not rebut Sivels' withdrawal statement. Thus, the decision was not "made without a

7

rational explanation, inexplicably departed from established policies or rest[] on an impermissible basis such as invidious discrimination against a particular race or group." Achacoso-Sanchez, 779 F.2d at 1265; see Mahler v. U.S. Forest Serv., 128 F.3d 578, 582 (7th Cir. 1997) (agency decision did not entirely fail to consider an important aspect of the problem, offer an explanation that runs counter to the evidence, or was so implausible that it could not be ascribed to a difference in view or the product of agency expertise).

Next, Plaintiffs argue that the procedure followed by USCIS was improper.[4] In a case where a decision will be adverse to the applicant or petitioner, and "is based on derogatory information . . . of which the applicant or petitioner is unaware, h/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered." 8 C.F.R. § 103.2(b)(16)(i). Here, Plaintiffs argue that the statement summary provided by USCIS in the NOID was insufficient to allow them to rebut the evidence, and that they should have been given a copy of the statement itself. They argue that they did not know that her statement was witnessed by two officers and her attorney until the agency issued its decision, which was too late to properly rebut the evidence.

The Court acknowledges that the Seventh Circuit has chastised agencies who do not provide copies of statements like Sivels' statement. Fliger v. Nielsen, 743 F. App'x 690, 690 (7th Cir. 2018) (warning the agency that it should not assume that the Seventh Circuit will continue to tolerate a summary as a general rule). However, at the same time, the Seventh Circuit in Fliger held for Defendants despite that "the agency included no primary-source documents to support its reasoning." Id. at 687. Instead, the Seventh Circuit acknowledged "that a summary can suffice."

---

[4] Defendants state that this argument appears to underlie a due process claim rather than the APA, which Plaintiffs do not assert in their complaint. See Musunuru v. Lynch, 831 F.3d 880, 882 (7th Cir. 2016). Regardless, in considering Plaintiffs' procedural argument, the Court rules in Defendants' favor.

Id. at 689 ("In this case, the reason [for the decision] was so straightforward that the document would not have been any more enlightening than the verbatim summary."); see Ogbolumani v. Napolitano, 557 F.3d 729, 735 (7th Cir. 2009) (nit-picking the exact characterization of the evidence would overstep the court's limited role); Ghaly v. I.N.S., 48 F.3d 1426, 1434 (7th Cir. 1995) ("The regulations do not mandate that [petitioners] must be provided an opportunity to view each and every sworn statement.").

The Court holds that the summary provided in this case was sufficient to allow Plaintiffs to rebut the evidence. It included details about Sivels' allegations, including that Iddrissu helped her financially with children, she never lived with him, and she rarely called him. And Plaintiffs were in fact given a reasonable opportunity to rebut this evidence, but failed; the additional statement from Sivels herself was not enough. They had the opportunity to provide USCIS with other evidence, but do not highlight any other such evidence in their complaint, and provided none according to the Board. While Plaintiffs may not have known before the USCIS decision was issued that others were present when Sivels gave her statement, the Court finds that they were still "advised of [derogatory facts] and offered an opportunity to rebut the information and present information in [their] own behalf before the decision [was] rendered." 8 C.F.R. § 103.2(b)(16)(i).

## IV. Conclusion

As a matter of law, Plaintiffs do not state a plausible claim. Taking all of their factual allegations as true, the Court cannot draw the reasonable inference that Defendants are liable for the misconduct alleged. This is because the conclusions of USCIS and the Board were not arbitrary and capricious, or an abuse of discretion, but compelling; their reasoning was satisfactory and adequate to support their findings. The motion to dismiss is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 21, 2021